IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JOSEPH FLORES,**

    Plaintiff,

vs.                                            Civ. No. 06-1163 MV/ACT

**GEO SECURITY, et al.,**

    Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Defendants' *Martinez* and Supplemental *Martinez* Report filed May 14, 2007 [Doc. 19] and June 18, 2007 [Doc. 22], each construed as a motion for summary judgment. This case was referred to the undersigned United States Magistrate Judge on June 21, 2007, to submit proposed findings of fact and recommendation for the disposition of this case pursuant to 28 U.S.C. §636(b)(1) [Doc. 23]. Having considered the pleadings and the relevant law, the Court recommends that Plaintiff's claims be dismissed without prejudice.

## PROPOSED FINDINGS

1.    This is a *pro se*, *in forma pauperis* civil rights action brought under 42 U.S.C. §1983 by Plaintiff Joseph Flores ("Flores"). On November 29, 2006, Flores filed his Complaint alleging Defendants violated his constitutional rights by failing to transfer him to voluntary segregation resulting in his assault and battery by fellow inmates. Specifically, this lawsuit involves his request to be transferred to voluntary segregation on October 19, 2006.

2.	Flores was convicted of First Degree Murder in State District Court in Carlsbad, New Mexico.  *State v. Flores*, Case No.C-503-CR-200500073.

3.	At the time of the alleged incident, Flores was incarcerated at Guadalupe County Correctional Facility ("GCCF").

4.	On January 24, 2006, Flores received a copy of the Inmate Handbook.  On January 31, 2006, Flores attended an orientation at GCCF in which classification, security, inmate accountability, and grievance procedures were discussed.

5.	Pages 38-42 of the Inmate Handbook outline in detail the inmate grievance procedure at GCCF.  Unrelated to this lawsuit, Flores filed an Inmate Informal Complaint against Sgt. Tenorillo which was resolved at the informal level on August 17, 2006.  Again, unrelated to this lawsuit, Flores utilized the grievance procedure on or about July 21, 2006, relating to a property issue, specifically a broken stereo, which arose on June 20, 2006.  The grievance was reviewed within one week and it was resolved at the informal level.

6.	New Mexico Corrections Department Policy CD-143000 governs inmate requests for voluntary segregation/protective custody.  This policy requires that an inmate identify his enemies by name when requesting voluntary segregation.  Pursuant to CD-143000, Flores filed a "Request for Voluntary Placement in Inmate Protection" on December 31, 2005, and identified his enemies by name.

7.	On October 17, 2006, Flores informed a Case Manager that he wanted to identify five inmates as enemies. On that date he identified five enemies by name; however, that afternoon, Flores deleted the five names.

8.	On October 19, 2006, Flores requested to be placed in voluntary segregation.  As stated by Flores in his Complaint, he was told he would be returned to his unit if he failed to provide names

of his enemies as required by CD-143000.  Flores refused saying that he is "not a Ratt (sic)."  Complaint § C.1.B.2.

9. Later in the day on October 19, 2006, Flores agreed to provide the names of his enemies.  Flores was then placed in voluntary segregation for his protection.

10. Under 42 U.S.C. §1997e(a) of the Prisoner Litigation Reform Act of 1995 ("PLRA"), a prison inmate is required to complete the prison administrative process before suing over prison conditions.[1]  *Booth v. Churner*, 532 U.S. 731 (2001).  Congress has eliminated both the discretion to dispense with administrative exhaustion and the condition that administrative exhaustion be plain, speedy, and effective.  Even where the available remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available.  *Id.* at 740.  The PLRA's exhaustion requirement applies to all suits arising out of prison life.  *Porter v. Nussle*, 534 U.S. 516, 525 (2002).  In the case of prisoner civil-rights complaints, the prisoner must provide a clear statement of the important facts supporting his claim and explain his attempts to exhaust available administrative remedies.  *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1207 (10th Cir. 2003).

11. The undisputed evidence before this Court is that Defendants had a grievance procedure in place while Flores was incarcerated.  However, Flores did not file any grievance regarding the incident on October 19, 2006, and thus did not exhaust his administrative remedies.

12. Defendants attached to their *Martinez* Report an Affidavit of Gloria Chavez ("Chavez"), custodian of inmate grievance records at GCCF.  She stated that she has reviewed the

---

[1] The Court notes that Plaintiff is not required to specifically plead or demonstrate exhaustion in his Complaint.  *Jones v. Bock*, —U.S—, 127 S. Ct. 910 (2007).

records and that Chavez "did not file any grievances whatsoever during October 2006." Furthermore, Chavez affirms that Flores has not filed a grievance at any time since October 2006. *Martinez* Report, Exh.I.

13. In the Supplemental *Martinez* Report, Defendants attached an affidavit of Lt. Billy Rye ("Rye"). Supplemental *Martinez* Report, Exh. N. Rye affirms that no classification decision was made when Defendants did not move Flores to voluntary segregation on October 19, 2007. *Id.* He further stated that "[b]ecause no classification decision was made, any right to appeal pursuant to Policy CD-143000 was not triggered." *Id*. Furthermore, "GCCF does not possess any information regarding an appeal by Joseph Flores." *Id*.

14. Flores has failed to present any evidence demonstrating that he filed any grievance, and the undisputed evidence is that he did not file any grievance regarding the Defendants failure to transfer him to voluntary segregation on October 19, 2007.[2]

15. As Plaintiff failed to exhaust his administrative remedies, his claim should be dismissed without prejudice. *Steele*, 355 F.3d 1207 ("[T]he substantive meaning of § 1997e(a) is clear: resort to a prison grievance process must precede resort to a court.")

## RECOMMENDED DISPOSITION

I recommend that Plaintiff's Complaint filed November 29, 2006, be dismissed without prejudice.

---

[2] The Court notes that in his Reply Flores attempts to argue the merits of his claim by asserting that Defendants were aware he needed protective custody because Flores had tried from the beginning of his incarceration to be moved out of GCCF. He attached his requests to be moved to a facility in California and the Corrections Department response to his requests. These assertions are not material to the issue of exhaustion of remedies.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. Sec. 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**